MARGARET BROWN *v.* DANIEL W. BROWN

(No. 7094)

Submitted November 3, 1931.    Decided November 17, 1931.

*Thomas West*, for appellant.
*Perry & Perry*, for appellee.

MAXWELL, JUDGE:

Plaintiff instituted a suit for divorce alleging the following grounds: Desertion, cruelty, and that, prior to the date

of the marriage, defendant was notoriously a licentious person. In an amendment to her original bill, she also alleges adultery. Defendant filed a cross-bill-answer, alleging cruelty on the part of plaintiff.

The trial chancellor dismissed defendant's cross-bill and granted plaintiff a divorce *a mensa*. He refused to grant her a divorce *a vinculo* because the evidence was not sufficient to sustain the allegation of licentiousness, and because the testimony of the *particeps criminis* in the alleged adulterous conduct was not sufficiently corroborated. The plaintiff appeals because she was denied a divorce *a vinculo*.

The evidence adduced by plaintiff in support of her charge of licentiousness consists of some indefinite accounts of certain indiscreet acts of the defendant with relation to two young girls. One of the said specific acts is said to have occurred about seventeen years prior to the institution of this suit, and thirteen years before plaintiff and defendant were married. The other occurrence took place about two years before the said marriage. This evidence is too indefinite to sustain the charge or even to necessitate detailed discussion.

The plaintiff's principal evidence in support of her charge of cruelty relates to an occasion when she fell over a baskeet in her husband's office. She says he knocked her over the basket in the presence of a constable. The constable states that he saw plaintiff fall; that he heard a lick struck, but that he did not see defendant strike her. Defendant denies that he struck her.

The evidence concerning desertion consists of plaintiff's own testimony which is to the effect that defendant deserted her about the middle of May, 1930, (that being approximately three months prior to the institution of this suit). She states that defendant "moved his stuff out and said he wouldn't give me anything after that." Defendant testifies that plaintiff told him to get out, and that she said she would see that he did get out.

The evidence in support of the charge of adultery consists of the testimony of a girl, of limited intelligence, who states that, when of the age of about fourteen, she made frequent

visits to defendant's office where they engaged in adulterous conduct. She says further that defendant gave her money on each visit to his office. Two witnesses were introduced by plaintiff in attempted corroboration of the girl's testimony, one her younger brother who stsates that he waited on the outside while his sister was in defendant's office and was given some of the money she received, and the other, a barber who operated a shop opposite defendant's office, and who states that he had seen the girl and her brother loafing near the office many times.

The record does not disclose when the alleged adulterous conduct took place. Plaintiff and only one other witness testify concerning the time. Plaintiff states that it must have been "in the spring of twenty-seven"; the other witness— the barber—says, in his testimony in May, 1931, "Well, probably two or three years ago, *I don't remember the date.*" The suit was instituted August 2, 1930. Thus, it has not been made to appear affirmatively that the acts of adultery complained of occurred within three years prior to the institution of the suit. "No divorce for adultery shall be granted on the uncorroborated testimony of a prostitute, or a *particeps criminis*, or when it appears that the parties voluntarily cohabited after the knowledge of the adultery, or that it occurred more than three years before the institution of the suit, or that it was committed by the procurement or connivance of the plaintiff." Code 1923, chapter 64, section 10.

We concur in the trial chancellor's finding that the evidence does not support the charge of licentiousness, and that the testimony of the *particeps criminis* was not sufficiently corroborated. The evidence adduced in support of the charge of cruelty is likewise insufficient and unconvincing.

While the facts and circumstances bearing upon the charge of desertion are somewhat irreconcilable, the evidence discloses that defendant moved his personal effects away from the home of plaintiff and that the parties have lived separate and apart since that time. No satisfactory explanation was offered by defendant for having left the home of plaintiff.

We do not perceive any basis for disturbing any of the findings of the trial chancellor. Such findings will not be disturbed unless at variance with undisputed evidence or contrary to the plain preponderance of the whole evidence. *Kincaid* v. *Evans,* 106 W. Va. 605.

We affirm the chancellor in decreeing to plaintiff a divorce from bed and board and in denying her a divorce from the bond of matrimony. The defendant did not assign cross-error because of the dismissal of his cross-bill.

*Affirmed.*